*Formatted for Electronic Distribution*                                                              *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

|  |  |  |
|---|---|---|
| In re: | | |
|     Peter and Lynn Monty, | | Chapter 13 |
|         Debtors. | | Case # 11-11127 |
| | Filed & Entered On Docket June 10, 2013 | |
| Peter and Lynn Monty, | | |
|         Plaintiffs, | | Adversary Proceeding |
|     vs. | | # 13-1004 |
| U.S. Bank, N.A. as Trustee for JP Morgan Acquisition Trust 2006-CW, Mortgage Electronic Registration Systems, Inc., and Bank of America, N.A., | | |
|         Defendants. | | |

*Appearances:*       *Douglas J. Wolinsky, Esq.*       *Rebecca A. Rice, Esq.*
                      *Primmer, Piper, Eggleston & Cramer, P.C.*       *Cohen & Rice*
                      *Burlington, VT*       *Rutland, VT*
                      *For Defendants*       *For Plaintiffs*

## MEMORANDUM OF DECISION
### GRANTING IN PART, AND DENYING IN PART, DEFENDANTS' MOTION TO DISMISS AND OVERRULING CERTAIN OF PLAINTIFFS' OBJECTIONS THERETO

Peter and Lynn Monty (the "Plaintiffs") commenced this adversary proceeding by filing a complaint challenging the validity of a proof of claim ("POC") filed in their bankruptcy case. U.S. Bank, N.A. as Trustee for JP Morgan Acquisition Trust 2006-CW ("USB"), Mortgage Electronic Registration Systems ("MERS"), Inc., and Bank of America, N.A. ("BOA") (collectively, the "Defendants") moved to dismiss the proceeding. For the reasons set forth below, the Court finds that the Plaintiffs' complaint sufficiently pled only one of their claims for relief. Accordingly, the Court grants the motion to dismiss in part, and denies the motion to dismiss in part.

### JURISDICTION

This Court has jurisdiction over these contested matters pursuant to 28 U.S.C. §§ 157 and 1334, and declares them to be core proceedings under 28 U.S.C. § 157(b)(2)(B) and (K) on which it has authority to enter final judgment.

PROCEDURAL HISTORY

The Plaintiffs initiated this Chapter 13 case on December 30, 2011. Approximately one year later, on December 3, 2012, USB filed a POC alleging that the Plaintiffs were indebted to it in the amount of $225,206.03, and that the debt was secured by a mortgage on real property located in Hinesburg, Vermont. On February 14, 2012, the Plaintiffs filed the instant adversary proceeding, seeking an order disallowing the claim and invalidating the mortgage on several grounds (doc. # 1) (the "Complaint"). In lieu of an answer, the Defendants filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), alleging that the Plaintiffs had failed to state any claim upon which relief could be granted (doc. # 9) (the "Motion"). The Plaintiffs responded that the Court should deny the Motion in its entirety, as all of their claims had been sufficiently pled and showed that they were entitled to relief (doc. # 10) (the "Response"). On May 20, 2013, the Defendants filed a reply in support of their Motion (doc. # 11) (the "Reply"), the matter was fully submitted, and the Court took the matter under advisement.

DISCUSSION

In deciding a Rule 12(b)(6)[1] motion, this Court liberally construes the complaint, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. See Gibbons v. Malone, 703 F.3d 595, 599 (2d Cir. 2013). To survive a Rule 12(b)(6) motion, however, a complaint must still include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). While detailed allegations are not necessary, factual assertions must raise the right to relief above a speculative level. Id. at 555. In other words, the complaint must allege more than a possibility that the plaintiff is entitled to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotations omitted).

**Count One: Standing**

The Complaint first alleges that the Defendants lacked standing to file their POC (doc. # 1, ¶ 33). In support, the Complaint notes that: (1) the Plaintiffs filed their petition on December 30, 2011; (2) the assignment which allegedly transferred the mortgage to the Defendants was dated December 3, 2012; and (3) the note, endorsed in blank, is undated (doc. # 1, ¶¶ 2, 22, 25). The Complaint also contains several statements inferring that the transfer of the note to USB would have been a violation of its Pooling and Servicing Agreement ("PSA") (doc. # 1, ¶¶ 26-30). The Defendants' Motion focuses solely on the Plaintiffs' latter allegations, and argues the Plaintiffs do not have standing to bring claims based on alleged violations of the PSA, because they are not parties thereto, or third party beneficiaries thereof

---

[1] Rule 12(b)(6) is made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b).

(doc. # 9 at 5-6). The Plaintiffs respond that they stated a claim to relief because, to have standing to file the POC, a claimant must have possession of the note on the date that debtors file their petition (doc. # 10 at 1). Further, the Plaintiffs allege, the POC was filed after they filed their petition, the note endorsement was undated, and the mortgage assignments were both dated as of a date after the Plaintiffs had filed their petition (doc. # 10 at 1-2). Moreover, the Plaintiffs assert that whether or not they had standing to claim violations of the PSA was immaterial, as the Defendants had not shown that they had standing to file a POC (doc. # 10 at 2). In their Reply, the Defendants state that the Plaintiffs impermissibly attempted to amend the Complaint, in their Response, to include a new claim, namely that the Defendants lacked standing to file the POC because the mortgage was assigned to them after the Plaintiffs filed their petition (doc. # 11 at 2-3).

A claimant bears the initial burden of alleging facts sufficient to support a POC. In re Smith, No. 12-10142, 2013 WL 665991 at *6 -7 (Bankr. D. Vt., Feb. 22, 2013). To demonstrate standing to file a POC relating to a secured claim in real property, a claimant must demonstrate that it held the note on the day that the debtors filed their petition. In re Parker, 445 B.R. 301, 306 (Bankr. D. Vt. 2011); see also U.S. Bank Nat'l Ass'n v. Kimball, 2011 VT 81, ¶ 13, 190 Vt. 210, 27 A.3d 1087 (Vt. 2011) (holding that, to enforce a note, a claimant must show that it was the holder of the note at the time that the complaint was filed). An entity may be the holder of a note if it is in possession of a note endorsed in blank. 9A V.S.A. §§ 3-201, 3-205(b).

In this case, the Defendants correctly argue that the Plaintiffs may not amend their Complaint through arguments made in response to the Defendants' Motion. See Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998). However, the Court finds that, although it is less than a model of clarity, the complaint – liberally construed – states a potential right to relief in regard to this first cause of action, and it was not being raised for the first time in the Response. While it is true that the Plaintiffs' Response more clearly articulates their claim to this relief, the Court finds that the factual allegations in the complaint, enumerated *supra*, can be read to infer that USB did not have possession of the note on the date that the Plaintiffs filed their petition.[2] This claim is further supported by the mortgage and note.[3]

---

[2] Because the Court finds that the complaint sufficiently alleges such a claim, it need not decide, at this stage of the proceedings, whether USB's failure to possess the mortgage on the date of the Plaintiffs' filing of their petition would deprive it of standing to file a POC. Cf. OneWest Bank, F.S.B. v. Reynolds, No. 51-2-11 Wrcv, at *8 (Vt. Super. April 12, 2013). However, the Court finds that the complaint also adequately pleads this claim to relief.

[3] Although courts generally look solely to the pleadings in deciding a motion to dismiss, the Defendants accurately state that the Court may consider these documents, as the complaint relies heavily upon them, and they are matters of public record. See, e.g., Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Cranley v. National Life Ins. Co. of Vermont, 144 F.Supp.2d 291, 297 n.1 (D. Vt. 2001).

Here, the attachment of the endorsed note to the POC suggests that USB was the holder of the note at the time that it filed its POC. However, as the POC was filed almost a year after the Plaintiffs filed their petition, and the endorsement was undated, USB did not satisfy its burden of establishing that it had the right to enforce the note at the relevant time. See Parker, 445 B.R. at 306. Therefore, the Plaintiffs' complaint raised a valid right to relief, and the Defendants' Motion is denied with respect to this aspect of the first count in the Complaint.

As the Court reads this count of the Complaint, citations to the PSA merely support the Plaintiffs' assertion that the Defendants may not have had possession of the note on the date that the Plaintiffs filed their petition, because possession at that date would have been a violation of the PSA's terms.[4] To the extent that the Plaintiffs were attempting to raise claims based on alleged violations of the PSA, however, the Court determines that such claims do not state an independent right to relief. See Dernier v. Mortgage Network, Inc., No. 144-3-11 Wrcv, 2012 WL 4848670, at *2 (Vt. Super. June 12, 2012); In re Correria, 452 B.R. 319, 324 (1st Cir. 2011) (holding that mortgagors lacked standing to raise alleged violations of the PSA, when they were not parties to, or third-party beneficiaries of, the agreement). Moreover, alleged violations of the PSA are immaterial to the question of whether USB had standing to file a POC. See In re Densmore, 445 B.R. 307, 310 n.2 (Bankr. D. Vt. 2011). Therefore, any claims arising out of alleged violations of the PSA in the complaint are dismissed with prejudice. See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 76 (2d Cir. 1998) (holding that dismissal with prejudice is appropriate where amendment would be futile).

### Invalidity of Mortgage Due to Lack of Actual Acknowledgement

The Complaint next alleges that the conveyance of a mortgage was ineffective because the mortgage lacked an actual acknowledgement (doc. # 1, ¶¶ 35-36). As support for this allegation, the Complaint states that, although the Plaintiffs' signatures on the mortgage were "notarized by a Roxanne Hunt," they "do not recall any female being present at the closing" (doc. # 1, ¶¶ 14, 17). To defeat that cause of action, the Motion alleges that it is barred by the applicable three-year statute of limitation (doc. # 9 at 6-7). The Defendants further assert that even if not time-barred, the claim was inadequately pled (doc. # 9 at 7). In response, the Plaintiffs attempt to evade the three-year statute of limitation by stating that the acknowledgement was not merely defective, but also fraudulent (doc. # 10 at 2). Finally, the Defendants' Reply asserts that the Plaintiffs' Response impermissibly attempted to amend their Complaint

---

[4] The Court notes the weakness of such an argument, given that USB appears to have had possession of the note on an even later date, when it filed its POC. However, the Court makes no determination as to the merits of this position at this stage in the proceedings.

to include allegations of fraud, and, in any event, such a claim was still time-barred and inadequately pled (doc. # 11 at 3-4).

Under Vermont law, an action to challenge a defective acknowledgement in a mortgage must be brought within three years. 27 V.S.A. § 348(b). The term "defective acknowledgment" includes both missing and invalid acknowledgments. In re Warner, 446 B.R. 651, 655 (Bankr. D. Vt. 2011). Here, the Plaintiffs' initial Complaint lacks allegations sufficient to state a claim under § 348(b), as its states merely that the Plaintiffs do not "recall" a female being present, before whom they acknowledged their signatures on the mortgage. That they do not recall a female being present does not mean that a female was not there and did not witness their acknowledgement. Further, the mortgage itself shows that they did acknowledge it as required. Thus, the claim is insufficiently pled, as the Plaintiffs failed to allege facts which would show that the acknowledgement was missing or defective. See Iqbal, 556 U.S. at 678. Further, the claim is clearly foreclosed by the three-year statute of limitation, as the Plaintiffs executed the mortgage on April 11, 2006, and did not institute the instant action until February 14, 2013. See 27 V.S.A. § 348(b).

Moreover, the Plaintiffs may not amend their Complaint by raising fraud claims for the first time in their motion papers. See Wright, 152 F.3d at 178. In any event, the conclusory allegations of fraud in the Response are also insufficiently pled. For example, the Plaintiffs stated that they "recall no females being present." Although this phrasing appears to infer that there were no females present at the closing in stronger terms than in the complaint, it still does not cross the line from possible to plausible liability of the Defendants. The Response also alleges that the Plaintiffs did not receive copies of any executed closing documents at the closing. However, the fact that they did not receive copies of them does not necessarily infer that they did not execute and acknowledge the documents before a female notary.

Additionally, the Plaintiffs' conclusory allegations of fraud are insufficient to persuade the Court that the Plaintiffs' claim may be addressed outside the three-year statute of limitations in § 348(b). Assuming that the Plaintiffs had sufficiently pled facts alleging that they did not acknowledge the mortgage before a female notary at closing, and instead the mortgagee fraudulently had a female notary execute the mortgage after the closing, without the Plaintiffs being present, this scenario is still plausibly encompassed by a missing or invalid acknowledgement. Even if it was not, the Plaintiffs have pointed to no other relevant statute of limitation, and the Court determines that the only other possible statute of limitation would be the six-year period in 12 V.S.A. § 511. See id. (stating that, except as otherwise provided, a civil action must be commenced within six years of the cause of action accrual). Thus, under the most generous limitation period, the Plaintiffs would have had to bring this suit by April 2012. As they did not do so, the Court dismisses the case with prejudice to the Plaintiffs' right to amend the claim

to include allegations of fraudulent acknowledgement, as it finds that amendment would be futile. See Pani, 152 F.3d at 76.

### Predatory Lending

The Plaintiffs assert that, with taxes and insurance, their housing costs were 60% of their net monthly income (doc. # 1, ¶¶ 37-40). In their Motion, the Defendants first argue that, although the Plaintiffs had not identified any specific law upon which their predatory lending claim was based, such a claim was likely time-barred (doc. # 9 at 8). Further, the Defendants contend that they could not be held liable for the acts of the original lender (doc. # 9 at 8). In their Response, the Plaintiffs cursorily assert that this "claim is not barred by the statute of limitations" (doc. # 10 at 2). However, they provide no statutory or case law authority for this assertion.

The Court finds that any potential claim of predatory lending would be barred by the statute of limitation. Other than those discussed in the next section, the facts the Plaintiffs allege in their Complaint do not appear to raise any federal claim, and they cite to none. Further, Vermont case law does not appear to establish a common law cause of action for predatory lending. Assuming *arguendo* that such a claim could be brought under Vermont's Unfair and Deceptive Trade Practices Act, 9 V.S.A. § 2453, it would be governed by Vermont's general six-year statute of limitations on civil claims. See 12 V.S.A. § 511; 9 V.S.A. § 2451 et seq. (not providing for a different statute of limitations). Here, the loan originated on April 11, 2006. Thus, the time for bringing suit would have expired in April 2012, and the Plaintiffs did not file this Complaint prior to that date. Hence, any potential claim under this statute is now time-barred. Accordingly, the claim is dismissed with prejudice.

### Truth in Lending Act ("TILA") Violation

Finally, the complaint alleged that the Defendants had violated the Real Estate Settlement and Procedures Act ("RESPA"), by failing to provide the Plaintiffs with two copies of the notice of their right to rescind the real estate transaction (doc. # 1, ¶ 41). To remedy this failure, the Plaintiffs contend that the Defendants must rescind the transaction (doc. # 1, ¶ 42). In their Motion, the Defendants first note that the Plaintiffs are actually asserting a claim under the Truth in Lending Act ("TILA"), not RESPA (doc. # 9 at 4). They go on to argue that the Plaintiffs' claim is barred by the statute of limitation, and, in any event, the Plaintiffs acknowledged receiving two copies of the right to rescind when the loan was originated (doc. # 9 at 8-9). The Plaintiffs respond that the statute of limitations never began to run because they did not receive the required two copies of the notice (doc. # 10 at 3).

The Court finds that the Plaintiffs cannot state a right to relief. The Plaintiffs correctly assert that they were entitled to receive two copies of the right to rescind. See 12 C.F.R. § 226.23(b)(1). However,

6

with an exception inapplicable here, an obligor's right of rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, *notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor*." 15 U.S.C. § 1635(f) (emphasis added). The United States Supreme Court has recognized that this provision is not merely a statute of limitation, but rather a complete extinguishment of the right to rescind. See Beach v. Ocwen Federal Bank, 523 U.S. 410, 417 (1998).

The Plaintiffs' right of rescission began to run, at the latest, on April 11, 2006, when they consummated the transaction. Therefore, their right absolutely expired in 2009, long before they filed the instant suit seeking to rescind the transaction. Accordingly, the Court finds the Plaintiffs' claim of a right to rescind the transaction to be without merit, and dismisses it with prejudice.

## CONCLUSION

For the reasons set forth above, the Court finds that the Plaintiffs have adequately pled their first claim asserting that USB lacked standing to file a POC. Therefore, the Motion is denied as to that claim. However, the Plaintiffs' have failed to plead facts sufficient to establish that their remaining claims are not time-barred. Accordingly, the Motion is granted as to all remaining claims.

This memorandum constitutes the Court's findings of fact and conclusions of law.

June 10, 2013  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

7