UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
April 16, 2015

_____
In re:
    Peter and Lynn Monty,                        Chapter 13
           Plaintiffs.                              Case # 11-11127
_____
Peter and Lynn Monty,
           Plaintiffs,                            Adversary Proceeding
    v.                                              # 13-1004
U.S. Bank, N.A. as Trustee for JP
Morgan Acquisition Trust 2006-CW,
Mortgage Electronic Registration Systems,
Inc., and Select Portfolio Servicing,
           Defendants.
_____

Appearances:  Rebecca Rice, Esq.                Peter G. Callaghan, Esq.
                Cohen & Rice                         Preti Flahery Beliveau & Pachios, PLLP
                Rutland, Vermont               Concord, New Hampshire
                For the Plaintiffs              and
                                              John J. Kennelly
                                              Pratt Vreeland Kennelly Martin & White, Ltd.
                                              Rutland, Vermont
                                              For the Defendants

## MEMORANDUM OF DECISION
### GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      U.S. Bank, N.A. filed a proof of claim in this bankruptcy case, asserting it is owed a debt in the amount of $225,206, secured by a mortgage against real property Mr. and Mrs. Monty own in Hinesburg, Vermont. Mr. and Mrs. Monty commenced this adversary proceeding to challenge the validity of that proof of claim. They argue U.S. Bank, N.A. is not entitled to enforce the mortgage debt because U.S. Bank, N.A.is not a "holder" of the promissory note secured by the mortgage. In response, U.S. Bank, N.A. filed a motion for summary judgment, stating there are no material facts in dispute and applicable state and federal law authorizes U.S. Bank, N.A. to both enforce the promissory note and file a proof of claim in this case.

For the reasons set forth below, the Court finds there are no materials facts in dispute, concludes U.S. Bank, N.A. is entitled to judgment as a matter of law, and therefore, grants U.S. Bank, N.A.'s motion for summary judgment.

## JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and declares it to be a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K) on which it has authority to enter final judgment.

## PROCEDURAL HISTORY

Peter and Lynn Monty (the "Plaintiffs") filed a Chapter 13 petition on December 30, 2011. Approximately one year later, on December 3, 2012, U.S. Bank, N.A. (the "Defendant") filed a proof of claim alleging the Plaintiffs were indebted to it in the amount of $225,206.03, and that the debt was secured by a mortgage on real property located in Hinesburg, Vermont (the "POC"). On February 14, 2012, the Plaintiffs filed the instant adversary proceeding, seeking an order disallowing the claim and invalidating the mortgage on several grounds (doc. # 1) (the "Complaint"). In lieu of an answer, the Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging the Plaintiffs had failed to state any claim upon which relief could be granted (doc. # 9). The Plaintiffs opposed the motion to dismiss in its entirety, arguing they had sufficiently pled all of their claims and demonstrated they were entitled to relief (doc. # 10). On May 20, 2013, the Defendant filed a reply in support of its motion to dismiss (doc. # 11). On June 10, 2013, the Court entered a memorandum of decision and order (doc. ## 12, 13) denying the Defendant's motion as to the Plaintiffs' first claim (focused on whether the Defendant is a party who has the right to file a proof of claim in this case), and granting the motion to dismiss as to all remaining claims.

Over the subsequent year, the parties amended the scheduling order governing this adversary proceeding several times, the Court granted a motion to substitute Select Portfolio Servicing in lieu of defendant Bank of America, N.A. (doc. # 43), and the Court approved the pro hac vice appearance of new counsel for the Defendant (doc. # 46). Pursuant to the most recently amended scheduling order (doc. # 49), the Defendant timely filed a motion for summary judgment on the remaining claim (doc. # 56) (the "Motion"). The Motion was accompanied by a statement of undisputed material facts, and an affidavit from an employee of Select Portfolio Servicing, the Defendant's servicer and the party claiming to be in possession of the relevant documents. The parties filed a timely response and reply (doc. # 57, 59), and then a stipulated pre-trial statement (doc. # 58; the "PTS").

On November 25, 2014, the Court entered an order making preliminary findings as to the scope of

the issues, and setting oral argument on the Motion (doc. # 60). On December 4, 2014, the Defendant filed a notice of waiver of argument (doc. # 62), indicating it was abandoning one line of reasoning it had previously advanced in its Motion. On December 5, 2014, the Court conducted a hearing on the Motion. Based on the parties' representations at that hearing, the Court entered a scheduling order on December 10, 2014 (doc. # 64), directing the parties to file supplemental briefs. On January 9, 2015, the Defendant filed a supplemental brief, including an amended affidavit and amended statement of undisputed material facts, to which the Plaintiffs responded on February 5, 2015 (doc. ## 66, 67). On February 12, 2015, the Court conducted a second hearing on the Motion. Pursuant to the Court's directive at that hearing, on February 20, 2015, the Defendant filed a second supplemental brief, to which the Plaintiffs filed an objection on February 27, 2015 (doc. ## 71-73). The Motion is now fully submitted.

## LEGAL STANDARD

### 1. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the record shows no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56; Fed.R.Bankr.P. 7056; see also Bronx Household of Faith v. Bd. of Educ. of the City of New York, 492 F.3d 89, 96 (2d Cir. 2007). The moving party bears the burden of showing there is no genuine issue of material fact. See Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law identifies those facts that are material; only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 248. Factual disputes that are irrelevant or unnecessary are not material. Id. In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party. See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573, 579 (2d Cir. 2006).

### 2. STANDARD FOR ESTABLISHING THE RIGHT TO ENFORCE A PROMISSORY NOTE

A claimant bears the initial burden of alleging facts sufficient to support a proof of claim. In re Smith, 2013 Bankr. LEXIS 687, 2013 WL 665991 at *6-7 (Bankr. D. Vt., Feb. 22, 2013). If the claimant does so, the claim is prima facie valid. Id. To rebut the presumption of prima facie validity, the "objecting

3

party must produce evidence equal in force to the prima facie case which, if believed, would refute at least one of the allegations essential to the claim's legal sufficiency." Id. (quotations and alterations omitted).

The Bankruptcy Code does not specify requirements to enforce a promissory note. In the absence of specific requirements in the Code, bankruptcy courts look to applicable nonbankruptcy law, usually state law. See Butner v. United States, 440 U.S. 48, 54-55 (1979); see also Parker v. U.S. Bank Nat'l Ass'n (In re Parker), 445 B.R. 301, 304 (Bankr. D. Vt. 2011).

Vermont has adopted a version of the Uniform Commercial Code ("UCC") concerning negotiable instruments that applies to promissory notes. The relevant provision of Article 3 describes a "[p]erson entitled to enforce" an instrument as "(i) the holder of the instrument." 9A V.S.A. § 3-301. The general definitions section of Vermont's UCC defines a "holder," in relevant part, as "(A) the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." 9A V.S.A. § 1-201(21)(A). An entity may be the holder of a note if two criteria are met: it is in possession of a note, and the note is either payable to it or indorsed in blank. 9A V.S.A. §§ 3-201, 3-205. To enforce a promissory note under § 3-301(i), therefore, a person must be in possession of the instrument at the time the enforcement action is filed and the instrument must be made payable to the person or to bearer. See Kimball, 190 Vt. 210, 2011 VT 81, ¶ 14, 27 A.3d 1087 (outlining "holder" requirements in home foreclosure context). In the context of bankruptcy, a party must demonstrate it was a holder on the date of the bankruptcy petition in order to be entitled to file a proof of claim alleging a secured claim in real property, In re Parker, 445 B.R. at 306, unless the party filing the proof of claim bases its "holder" status on a post-petition transfer of the claim and rights, in which event the claimant-transferee must demonstrate the transferor possessed the right to enforce the note on the date of the petition.[1]

## UNDISPUTED MATERIAL FACTS

1. The Plaintiffs are the owners, in fee simple, of the real property and buildings located at 2638 Lincoln Hill Road, Hinesburg, Vermont (the "Property"). Doc. # 66-1, ¶ 1.

2. On April 11, 2006, seeking to refinance the loan on the Property, the Plaintiffs executed an adjustable rate promissory note in the amount of $221,650 in favor of Countrywide Home Loans, Inc. (the "Note"). Doc. # 66-1, ¶ 2.

3. The Note is indorsed in blank by Countrywide Home Loans, Inc. Doc. ## 56-3; 66-1, ¶ 3.

---

[1] As discussed below, the Court does not believe either party is currently advancing an argument concerning a post-petition claim transfer; it includes this point here to memorialize the Court's November 25, 2014 Order Making Preliminary Findings (doc. # 60), in which the Court held "if there is a party who, pursuant to the Vermont UCC, was a holder entitled to enforce the Note as of the petition date, and that party transfers the note and possession of the note to a party post-petition, pre-proof of claim, that latter party may be entitled to enforce the Note, and hence file a proof of claim, pursuant to Rule 3001(e)."

4

4. On April 11, 2006, the Plaintiffs also executed a mortgage granting Mortgage Electronic Registration Systems ("MERS"), as nominee for Countrywide Home Loans, Inc., and its successors and assigns, a lien on the Plaintiffs' interest in the Property to secure the Plaintiffs' obligations under the Note (the "Mortgage"). Doc. # 66-1, ¶ 1.

5. On March 1, 2006, prior to the date of the Plaintiffs' refinance, Countrywide Home Loans, Inc. executed a Master Mortgage Loan Purchase and Servicing Agreement, in which it sold all of Countrywide's right, title and interest, excluding servicing rights, in and to certain loans, including future loans, i.e., loans not yet in existence, to J.P. Morgan Acquisition Corp. Doc. # 66-1, ¶ 4.

6. The Master Mortgage Loan Purchase and Servicing Agreement provides that after the sale of the loans is completed, a "collateral file," containing documents related to each loan, including the original mortgage note, will be delivered to the designated custodian. Doc. # 66-1, ¶ 4.

7. On July 1, 2006, J.P. Morgan Acquisition Corp. I as depositor, J.P. Morgan Acquisition Corp. as seller, and U.S. Bank, N.A. as Trustee, executed a Pooling and Servicing Agreement (the "PSA"), establishing a mortgage loan trust called the J.P. Morgan Acquisition Trust 2006-CW2. Doc. # 66-1, ¶ 6.

8. Under the PSA, Countrywide Home Loans, Inc. was identified as the originator, and Countrywide Home Loans Servicing LP was designated as the servicer of the loans subject to the PSA. Doc. # 66-1, ¶ 6.

9. Under the PSA, J.P. Morgan Acceptance Corp. I is the depositor, J.P. Morgan Acquisition Corp. is the seller, and Wells Fargo Bank is the master servicer and securities administrator. Doc. # 66-1, ¶ 6.

10. The PSA provides that the Note is to be indorsed in blank or to U.S. Bank, as Trustee. Doc. # 66-1, ¶ 7.

11. On April 17, 2006, the original indorsed note was transferred to the custody of Bank of New York Mellon f/k/a JP Morgan Chase, as the document custodian for the Trust. Doc. # 66-1, ¶ 5A.

12. On April 27, 2009, Countrywide Home Loans Servicing LP changed its name to BAC Home Loans Servicing, LP, and on July 1, 2011, BAC Home Loans Servicing LP merged with and into Bank of America, N.A. Doc. # 66-1, ¶ 12.

13. On December 30, 2011, the Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code. Doc. # 66-1, ¶ 8.

14. As of December 30, 2011, Bank of New York Mellon possessed the original collateral file containing the original Note indorsed in blank. Doc. # 66-1, ¶ 5D.

15. On December 3, 2012, the POC was filed on behalf of U.S. Bank, National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-CW2. A copy of the Note was attached to the POC. Doc. # 66-1, ¶ 13.

16. Currently, Select Portfolio Servicing, Inc. is in possession of the original collateral file, including the original Note, as servicer for U.S. Bank, N.A., as Trustee. Doc. # 66-1, ¶ 5.

## ISSUE PRESENTED

The parties agree that if the Defendant establishes it possessed the Note, and it was payable either to the Defendant or to bearer, as of the petition date, it has authority to enforce the Note against the Plaintiffs, and therefore to file a proof of claim in this bankruptcy case. The issue presented is whether all

5

of the material facts are undisputed and entry of summary judgment is proper. The Defendant's position is the material facts are undisputed and demonstrate the Defendant is entitled to enforce the Note.

The Plaintiffs assert summary judgment must be denied because the following material facts are in dispute: (1) the date on which the Defendant obtained possession of the Note, (2) the date on which the Note was indorsed, (3) which entity had possession of the Note on December 30, 2011, the date the Chapter 13 petition was filed, and (4) which entity had possession of the Note on December 3, 2012, the date the POC was filed.

The Court will examine the materiality and alleged dispute with respect to each of these facts to determine if summary judgment is proper, and if so, whether the Defendant is entitled to judgment as a matter of law.

## DISCUSSION

### 1. THE DATE ON WHICH THE DEFENDANT OBTAINED POSSESSION OF THE NOTE

The Plaintiffs assert there is a dispute of fact as to when the Defendant obtained possession of the Note. The Plaintiffs focus on the chain of transactions which took place in early 2006. They argue that although the March 1, 2006 PSA purported to purchase future loans not in existence at the time of the PSA, there is no evidence that the Plaintiffs' loan was actually transferred pursuant to that PSA, only evidence that the PSA existed.

However, even if the Plaintiffs are correct that the undisputed material facts do not include proof the Plaintiffs' loan was transferred pursuant to the March 1, 2006 PSA, this fact is not material. As stated above, the only conditions the Defendant must satisfy to be a holder of the Note as of the petition date, and therefore entitled to enforce the Note in this bankruptcy case, are (1) that it was in possession of the Note as of the petition date, and (2) that, as of the petition date, the Note was indorsed either to the Defendant or to bearer. The Defendant need not prove an uninterrupted chain of title, nor demonstrate that the loan was actually transferred pursuant to the PSA. See Wells Fargo Bank Minn. Nat'l Ass'n v. Rouleau 2012 VT 19 ¶ 13; see also, accord, Deutsche Bank Nat'l Trust Co. v. Brock, 430 Md. 714, 732-733 (Md. 2013) (interpreting identical UCC provisions, in similar factual scenario, and holding similarly). Here, the Defendant's manner of obtaining possession of the Note is not material, so long as the Defendant had possession of the Note as of the petition date.[2]

---

[2] This is not to say there is no set of circumstances in which the chain of transactions preceding possession of a promissory note is material. The manner of acquiring the note may be material, for example, where the chain of transactions contradicts or calls into question the validity of a party's assertions as to their right to enforce a note at the present time. See, e.g., Nishiyachi v. Citibank, N.A., (In re Nishiyachi), 2014 Bankr. LEXIS 3427 (Bankr. D. Vt. Aug. 11, 2014) (denying summary judgment where conflicting evidence as to assignments of note indicated at least one assignment was unauthorized, which raised concerns as to putative holder's assertions it was entitled to enforce the note). But, there is nothing in the record of the case at bar that suggests the prior chain of transactions undermines the validity of the Defendant's other assertions.

Since the pre-petition chain of title and exact pre-petition date on which the Defendant obtained possession of the Note are not material, the Court overrules the Plaintiffs' objection to summary judgment based upon an alleged dispute of material fact with respect to these questions.

2. THE DATE ON WHICH THE NOTE WAS INDORSED

The Plaintiffs argue the undisputed material facts do not establish the date on which the Note was indorsed in blank, and this fact is crucial to the Court's determination of whether the Defendant is entitled to judgment as a matter of law. The Plaintiffs focus much of their argument on the lack of a date next to the Note's blank indorsement, positing that no one can determine when the Defendant obtained the right to enforce the Note without a clear indication of the date the Note was indorsed in blank. The Defendant counters that the date the Note was indorsed is immaterial, relying on this Court's decision in Miller v. Bank of Am., Nat'l Ass'n (In re Miller), 2014 Bankr. LEXIS 2733, *4 (Bankr. D. Vt. June 23, 2014). Each of the parties is partially correct.

The Plaintiffs are correct in two regards. First, the date a note is indorsed may be material to the determination of whether a party has the right to enforce a particular promissory note. And, second, in the instant case, whether the Note was indorsed in blank prior to December 30, 2011 is definitely material. Both pieces of information are essential to the Court's determination of whether the Defendant possessed a promissory note that was indorsed either to the Defendant or to bearer as of the petition date, as is required in order for the Defendant to have the right to enforce the Note in this bankruptcy case.

Here, however, even though the record does not disclose the date the Note was indorsed in blank, the undisputed material facts do establish the Note had been indorsed in blank prior to the petition date. The fact that the indorsement in blank on the Note is undated alters only the conclusions that may be drawn from this piece of evidence. For example, a dated indorsement in blank would be prima facie evidence that a promissory note was indorsed as of a specific date, whereas an undated indorsement evidences only that the note was indorsed in blank as of the time it was introduced as evidence. In the instant case, the Note was introduced into the record at the time the POC was filed. The Defendant had the right to introduce other evidence to establish the Note was indorsed in blank prior to the petition date, and it has done so, in the form of an amended affidavit which states the Note was indorsed in blank as of the petition date. The Plaintiffs have not introduced any facts which call into question the validity or content of the Defendant's affidavit. As this Court has recently discussed, a party opposing summary judgment does not show the existence of a genuine issue of fact merely by making assertions that are conclusory or speculative. In re Gutierrez, 2014 Bankr. LEXIS 4621 (Bankr. D. Vt. Nov. 4, 2014) (citing Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 310-312 (2d Cir. 2008)). The Defendant's affidavit

combined with the absence of any viable challenge to that affidavit by the Plaintiffs, along with the copy of the original Note, indorsed in blank, attached to the POC, are sufficient to establish that the Note was indorsed prior to the petition date.

The Plaintiffs originally argued, correctly, that the record did not demonstrate which entity had possession of the Note on the date of the petition. However, the Defendant's amended affidavit defeated that argument.[3] The Plaintiffs do not point to any materials in the record which contradict the Defendant's evidence as amended.

Based upon the record, the Court concludes that although the date on which a promissory note is indorsed may be material to determining which party has the right to enforce that note, in the case at bar there is no *material* dispute as to the date the Note was indorsed because the record unequivocally indicates the Note was indorsed prior to the critical date.

### 3. WHICH ENTITY HAD POSSESSION OF THE NOTE ON THE DATE THE PETITION WAS FILED

Which entity had possession of the note on the date the petition was filed is material because, as stated above, possession of a promissory note as of the petition date is a prerequisite to enforcing that promissory note in a bankruptcy case. Here, the Defendant's amended affidavit demonstrates the original indorsed Note was transferred to the document custodian for the trust on April 17, 2006, where it remained until it was transferred post-petition. The undisputed material facts also demonstrate the beneficial owner of the Note has been the Defendant, as trustee for the trust, since that pre-petition date. Most important to the instant issue, the affidavit states "physical custody of the Note was in the possession of Bank of New York Mellon, as the document custodian for the Trust, on [the petition date]."

The Plaintiffs argue there is a disputed issue of material fact because the record is unclear as to which entity served as the document custodian at any given point in time. But this brings the analysis back to the fact that the Defendant need not prove chain of title. The Defendant need only prove it possessed the Note as of the petition date; the affidavit contains sworn testimony of that fact. Contrary to the Plaintiffs' arguments, there is nothing in the record to support an inference that the entity who possessed the Note as of the petition date did not possess the Note as the document custodian on behalf of the Defendant, even if, as the Plaintiffs argue, there is a lack of clarity around how that entity came to serve as document custodian.

---

[3] The Defendant amended its supporting affidavit on January 9, 2015 (doc. # 66) to include, among others, a statement that the original indorsed note was transferred to the custody of Bank of New York Mellon f/k/a JP Morgan Chase as document custodian for the Trust on April 17, 2006, as well as a statement that the original indorsed note remained with the document custodian until it was transferred to the Defendant's servicer post-petition. As stated above, nothing in the record supports the conclusion that the amendment contradicts the Defendant's earlier assertions or calls into question the Defendant's position, differentiating this case from In re Nishiyachi 2014 Bankr. LEXIS 3427.

Since the Plaintiffs have failed to demonstrate there is a genuine dispute as to whether the Defendant had possession of the Note on the date the petition was filed, their argument that summary judgment must be denied based upon a material dispute as to this fact is unavailing.

### 4. WHICH ENTITY HAD POSSESSION OF THE NOTE ON THE DATE THE POC WAS FILED

It is unclear whether this question of Note possession as of the POC date is still before the Court, in light of the Defendant's withdrawal of its Rule 3002 argument and the parties' representations at the Court's December 5, 2014 and February 12, 2015 hearings. For the sake of completeness, the Court will address it.

The POC filed on December 3, 2012 was filed on behalf of the Defendant, as trustee. Although the original indorsed Note was transferred post-petition (from the document custodian to Bank of America, as servicer) both the transferor and transferee had possession of the Note as an agent of the Defendant. If a party's agent is in possession of a note, possession is imputed to the party. See 9A V.S.A. § 3-201, Official Comment 1 (" ... nobody can be a holder without possessing the instrument, either directly or through an agent,") (emphasis added); see also, e.g., Applewhite v. Carrington Mortg. Servs., LLC, 2014 U.S. Dist. LEXIS 43541, *6 (N.D. Miss. 2014). Since an agent of the Defendant was in possession of the Note through the date the POC was filed, the Court concludes the Defendant was in possession of the Note on the salient date.

Whether the Defendant had possession of the Note on the date the POC was filed is a material fact, and the record and controlling law compel the conclusion that the Defendant remained in possession of the Note through, and on, the date the POC was filed.

### **CONCLUSION**

Since there are no material facts in dispute, summary judgment is proper. Based upon the undisputed facts set forth above, the Court finds that the Defendant was entitled to enforce the Note on the date the petition was filed and on the date the POC was filed. The Defendant is entitled to judgment as a matter of law. Accordingly, the Court grants the Defendant's motion for summary judgment.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law.

April 16, 2015  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge